UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKY LYNN MOORE,
Personal Representative of the
Estate of Raymond Paul Holmes,
Deceased,

    Plaintiff,

v.

CASE NO. 1:16-CV-122

HON. ROBERT J. JONKER

COUNTY OF MECOSTA, *et al.*,

    Defendants.
_____/

## **ORDER**

This matter is before the Court on the parties' motion to approve settlement, to approve reimbursement of costs, to approve attorney fees, and to approve distribution of proceeds. (ECF No. 127.) The Court has conducted an *in camera* review of the terms of the Release and Settlement Agreements in this matter dated April 6, 2017 and April 7, 2017, respectively; the Report and Recommendation of the Guardian Ad Litem dated May 10, 2017; and the proposed distribution of settlement proceeds transmitted to the Court on June 15, 2017. The record reflects that all interested parties were provided notice and an opportunity to be heard. (ECF Nos. 137–148.) The Court heard testimony in open court regarding the proposed distribution on June 20, 2017. The public hearing included disclosure of the key settlement terms at issue.

Based on the *in camera* review, the hearing on the record that followed, and all other matters of record, and for the reasons the Court detailed in open court during the hearing, **IT IS HEREBY ORDERED AND ADJUDGED**:

1. The Court finds under MICH. COMP. L. 600.2933(6) that the total settlement amount, $160,000.00, is fair and equitable.

2. The Court finds under MICH. COMP. L. 600.2933(6) that the distribution provided in paragraph 3 of this Order is fair and equitable to all interested parties, including, without limitation, the minor claimants;

3. The Court directs that the distribution of proceeds in this matter take place as follows:

| | |
|---|---|
| Total Settlement Amount: | $160,000.00 |
| Litigation Costs to Emelander Law Firm, P.C. | $54,454.38 |
| Attorney's Fees to Emelander Law Firm, P.C. | $31,663.68 |
| Medicaid Lien/Priority Health Lien | $3,408.78 |
| Burial/Funeral/Headstone Costs | $7,011.99 |

\*     \*     \*

Balance Distributed as follows to Decedent Raymond Paul Holmes's Three Minor Children, with settlement proceeds to be managed by an independent party identified by the Court[1] and made available to each minor child in one or more distributions no

---

[1] At the hearing, the Court requested that Plaintiff propose an independent party and plan for management of the settlement proceeds for the three minor children. This could include purchase of suitable annuities (as suggested by the Guardian ad Litem as a possible method); or creation of a trust for each child, as suggested by Plaintiff herself. A trust has certain potential advantages, including possible use of terms that would limit the ability of government recovery against settlement proceeds in case one or more of the minors is institutionalized before final distribution. *See Miller v. Dep't of Mental Health*, 432 Mich. 426 (1989); *see also In re Johannes Trust v. Dep't of Mental Health*, 191 Mich. App. 514, 479 N.W.2d 25 (1991). However, trusts are not cost-free, and the final trade-offs are best weighed by Plaintiff's counsel and his client in the first instance. After Plaintiff submits a proposal, the Court will rule on the proposed plan.

earlier than the child's 18th birthday and no later than the child's 25th birthday:

| | | |
|---|---|---|
| | K.H. | $21,153.73 |
| | L.H. | $21,153.72 |
| | R.H. | $21,153.72 |

4. This distribution order finally resolves all the claims and potential claims of all potentially interested parties under MICH. COMP. L. 600.2922(3), including those persons actually receiving a monetary distribution and those receiving no distribution. In particular, but without limitation, the Court has concluded that claimant Brandon Lee Ruiz is not entitled to a distribution.

5. Plaintiff shall file with the Court a proposed plan for management of the settlement proceeds for the three minor children no later than July 7, 2017.

6. The Court finds an award to the Estate for conscious pain and suffering is not warranted.

7. The authority to distribute proceeds, and the dismissal with prejudice of Plaintiff's claims, will become effective after the Court finally approves the management plan.

Dated: June 21, 2017            /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                CHIEF UNITED STATES DISTRICT JUDGE